**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00184-CR**

_____

**DOMINICK EARL PARKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. 13,985**

**MEMORANDUM OPINION**

Appellant Dominick Earl Parks ("Parks") pleaded guilty to the third-degree felony offense of unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. § 46.04(a). He also pleaded true to two enhancements for prior felony convictions, making him a habitual offender and increasing the punishment range from twenty-five to ninety-nine years. *See id.* § 12.42(d) (providing punishment range of twenty-five to ninety-nine years for habitual offenders). The trial court placed him on deferred adjudication community supervision. The State moved to

adjudicate after Parks violated multiple terms of his community supervision. After a hearing, the trial court adjudicated him guilty and orally pronounced a sentence of forty-five years of confinement. The trial court's written judgment also included a $2,500.00 fine, court costs of $290.00, and reimbursement fees of $515.00. We will affirm the trial court's judgment as modified for the reasons discussed below.

Counsel filed a brief containing his professional evaluation that after careful review of the record, he could find no arguable grounds on which to appeal and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). After Parks's counsel filed his brief, we granted an extension of time for Parks to file a pro se response. Parks has not responded.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id*.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire

2

record and counsel's brief and have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

## Modifying the Judgment

We have the power to reform or modify a judgment in *Anders* cases to address non-reversible error and to affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b) (allowing appellate court to modify trial court's judgment and affirm as modified); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (noting a court of appeals may modify the lower court's judgment by correcting or reforming it); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (exercising authority to reform judgment in *Anders* case and affirming trial court's judgment). Our review of the record reveals the trial court's judgment must be modified in several respects, as discussed below.

## 1. Fine Not Orally Pronounced

While the order deferring adjudication and placing Parks on community supervision included a fine, the trial court's subsequent adjudication of guilt set aside the order deferring adjudication, including any fines or restitution. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). When the trial court adjudicated Parks guilty, its oral pronouncement did not include the $2,500.00 fine, but the written judgment did. A trial court must orally pronounce a defendant's

3

sentence in the defendant's presence. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); *Taylor*, 131 S.W.3d at 500. Fines are punishment and generally must be orally pronounced. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The trial court's oral pronouncement controls over its written judgment to the extent they conflict. *Taylor*, 131 S.W.3d at 502. We conclude that since the trial court did not include a fine in its oral pronouncement of Parks's sentence at the hearing on the Motion to Adjudicate, it should not have included the $2,500.00 fine in the judgment. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); *Armstrong*, 340 S.W.3d at 767; *Taylor*, 131 S.W.3d at 500, 502.

**2. Court Costs and Reimbursement Fees**

Our review of the record also reveals that the written judgment included $515.00 in reimbursement fees and $290.00 in court costs. The record shows the trial court found Parks indigent and appointed counsel. Court costs are not punitive and do not have to be included in the oral pronouncement as a precondition to their inclusion in the written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The imposition of court costs does not alter the punishment range, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* Tex. Code Crim. Proc. Ann. art. 42.16; *Armstrong*, 340 S.W.3d at 767. "Only statutorily authorized court costs may be assessed against a criminal defendant[.]" *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Costs cannot be imposed "for a service not performed or for a service for which a cost is

4

not expressly provided by law." Tex. Code Crim. Proc. Ann. art. 103.002. Court costs are supported if there is a bill of costs denominating the amount assessed and if those costs are authorized by statute. *See id.* arts. 103.001–.002. Even so, certain reimbursement fees, including attorney's fees, cannot be assessed against an indigent defendant unless it is subsequently determined he has financial resources to pay. *See id.* arts. 26.04(p) (a defendant determined to be indigent is presumed to remain indigent), 26.05(g) (providing for reimbursement of fees if the judge determines defendant has financial resources); *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (concluding judgment should be reformed to remove assessment of attorney's fees because there was no finding in the record an indigent defendant could repay costs of court-appointed counsel).

Since the record here did not contain a bill of costs, we requested one. *See* Tex. Code Crim. Proc. Ann. art. 103.006 (requiring a bill of costs); *see also* Tex. R. App. P. 34.5(c)(1) (allowing for supplementation of clerk's record if relevant item was omitted). Yet a bill of costs was not provided showing the court costs or reimbursement fees were statutorily authorized, so they are unsupported by the record. *See* Tex. Code Crim. Proc. Ann. arts. 103.001–.002; *Johnson*, 423 S.W.3d at 389. There is also nothing in the record showing Parks's indigent status changed, so to the extent the "reimbursement fees" depended upon his ability to pay, we conclude these are likewise unsupported by the record for that reason. *See* Tex. Code Crim.

Proc. Ann. arts. 26.04(p), 26.05(g); *Cates*, 402 S.W.3d at 252. Thus, we are modifying the judgment to delete the court costs and reimbursement fees.

### 3. Statutory Section

We note the written judgment recites the "Statute for Offense" as section "46.04(c)" of the Texas Penal Code, which concerns illegal possession of a firearm when a domestic violence protective order is in place. *See* Tex. Penal Code Ann. § 46.04(c). Parks pleaded guilty to, and the trial court found him guilty of, the third-degree felony offense of unlawful possession of a firearm by a felon under section 46.04(a). *See id.* § 46.04(a). To correct this clerical error, we modify the trial court's judgment to reflect the correct statute of the offense as section "46.04(a)" of the Texas Penal Code.

### Conclusion

We modify the trial court's judgment by deleting the $2,500.00 fine, reimbursement fees of $515.00, and court costs of $290.00. We also modify the trial court's judgment to reflect the correct Penal Code section, 46.04(a). We affirm the trial court's judgment as modified. *See* Tex. R. App. P. 43.2(b); *Bigley*, 865 S.W.2d at 27; *Bray*, 179 S.W.3d at 729.

AFFIRMED AS MODIFIED.

W. SCOTT GOLEMON
Chief Justice

Submitted on April 17, 2024
Opinion Delivered May 1, 2024
Do Not Publish
Before Golemon, C.J., Johnson and Wright, JJ.

6